1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- EASTERN  DIVISION

MAURICE BRAY,                               ) Case No. ED CV 12-744-GAF (SH)
                                            )
                    Petitioner,             ) MEMORANDUM AND ORDER
                                            ) DISMISSING PETITION FOR WRIT
          v.                                ) OF HABEAS CORPUS
                                            )
TERI GONZALEZ, Warden,                      )
                                            )
                    Respondent.             )
_____)

## I.  **BACKGROUND**

On May 9, 2012, pro se petitioner, in state custody, filed a Petition for Writ
of Habeas Corpus by a Person in State Custody ("Petition").  Petitioner challenges
his 1998 convictions for second degree robbery, assault with a firearm, and felon
in possession of a firearm in San Bernardino County Superior Court (Case No.
FBA04809).  As best the Court can glean from petitioner's allegations, the Petition
alleges the following claims: (1) The California Supreme Court improperly denied

1

petitioner's new evidence of his trial counsel's conflict of interest; (2) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to withdraw from petitioner's case due to an actual conflict of interest; (3) Petitioner received ineffective assistance of counsel based on his appellate counsel's failure to allege on appeal the ineffective assistance of trial counsel claim; and (4) The trial court erred in refusing to strike petitioner's prior "strikes."   (Petition at 5, Attachment at 3, 5-17).

## II. <u>DISCUSSION</u>

On March 27, 2002, petitioner filed a Petition for Writ of Habeas Corpus herein (Case number EDCV 02-0254-GAF (SH)).  In that habeas petition, petitioner challenged the same 1998 convictions and sentence.  On April 2, 1997, the district court denied that habeas petition with prejudice, in accordance with the conclusions of the Magistrate Judge.  On December 4, 2002, the district court denied petitioner's request for a certificate of appealability.  On April 23, 2003, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus

application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered   previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

3

1       (4) A district court shall dismiss any claim presented in a second or

2   successive application that the court of appeals has authorized to be filed

3   unless the applicant shows that the claim satisfies the requirements of this

4   section. 28 U.S.C. § 2244.

5   28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the

6   consideration of second or successive applications in district court. The prospective

7   applicant must file in the court of appeals a motion for leave to file a second or

8   successive habeas application in the district court. § 2244(b)(3)(A)." <u>Felker v.</u>

9   <u>Turpin</u>, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

10       The instant Petition is a successive habeas corpus petition. The instant

11   Petition was filed on May 9, 2012, well after the effective date of the AEDPA.

12   Therefore, petitioner was required to obtain authorization from the Court of Appeals

13   before filing the present Petition. <u>See</u> 28 U.S.C. §2244(b)(3)(A). No such

14   authorization has been obtained in this case. Thus, the Petition should be dismissed

15   for that reason.

16

17   **III. <u>ORDER</u>**

18       ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

19   DATED:  May 11, 2012

20

21   _____

22   GARY A. FEESS

    UNITED   STATES   DISTRICT   JUDGE

23   Presented by:

24   Dated:  May 11, 2012

25

26   _____

    STEPHEN J. HILLMAN

27   UNITED STATES MAGISTRATE JUDGE

28

4

5